IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RICKY RANDALL REX SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:18cv538-WKW |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Petitioner Ricky Randall Rex Smith (ASmith@) is before the court on a *pro se* petition (Doc. No. 2) challenging the life sentence imposed against him in Criminal Case No. 1:07cr183-WKW after he was convicted of producing child pornography in violation of 18 U.S.C. § 2251(a).  Smith was sentenced under 18 U.S.C. § 3559(e), which mandates a sentence of life imprisonment for federal sex offenders convicted of repeated sex offenses against children.  *See* 18 U.S.C. § 3559(e).  He argues that his life sentence violates the Ex Post Facto Clause because § 3559(e) had not been enacted when he committed his crime.  Doc. No. 2 at 1–2.  Smith purports to bring this action under 28 U.S.C. § 1361, which pertains to petitions for writs of mandamus.[1]  He seeks a court order vacating his sentence and directing that he be resentenced "under the applicable laws as they existed in 2000."

---

[1] Section 1361 states: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff."  28 U.S.C. § 1361.

Doc. No. 2 at 4. For the reasons that follow, Smith's petition is due to be dismissed as a successive 28 U.S.C. § 2255 motion filed without the required appellate court authorization.

## II.  DISCUSSION

Smith's petition, in essence, attacks the validity of his sentence in this court. A motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is the proper mechanism for a federal prisoner to raise a collateral attack on the validity of a judgment or the sentence imposed. *See* 28 U.S.C. § 2255(a) & (e); *United States v. Holt*, 417 F.3d 1172, 1174-75 (11th Cir. 2005); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Therefore, regardless of Smith's labeling, his petition is of the same legal effect as—and must be construed as—a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990) (federal courts have "an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework").

This is the fourth § 2255 motion filed by Smith attacking the judgment of conviction and/or sentence in Case No. 1:07cr183-WKW. Smith filed his first § 2255 motion in November 2012. *See Smith v. United States*, Civil Action No. 1:12cv1006-WKW (Doc. No. 1). On March 19, 2015, this court denied Smith's § 2255 motion and dismissed his action with prejudice on grounds that the motion was time-barred under the one-year limitation period in 28 U.S.C. § 2255(f). *Id.* (Doc. Nos. 31, 36 & 37 [Recommendation of Magistrate Judge; Order Adopting Recommendation; and Final Judgment]).

2

Smith filed a second § 2255 motion in June 2015.  *See Smith v. United States*, Civil Action No. 1:15cv521-WKW (Doc. No. 2).  This court dismissed that § 2255 motion as a successive motion filed without the required appellate court authorization.  *Id*. (Doc. Nos. 3, 4 & 5).

Smith filed a third § 2255 motion in June 2016, raising a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015).  *See Smith v. United States*, Civil Action No. 1:16cv531-WKW (Doc. No. 1).  This court dismissed that § 2255 motion as a successive motion filed without the required appellate court authorization.  *Id*. (Doc. Nos. 15, 18 & 19).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion.  *See* 28 U.S.C. § 2244(b)(3)(A).  The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *See* 28 U.S.C. § 2255(h).

"The bar on second or successive [§ 2255] motions is jurisdictional."  *In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013).  A federal district court lacks jurisdiction to consider a successive § 2255 motion where the movant fails to obtain the requisite permission from

3

the appellate court to file a successive motion. *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003). For purposes of the AEDPA's successive-motion rules, the dismissal of an initial § 2255 motion as untimely counts and renders a subsequent § 2255 motion "successive." *See, e.g., Villanueva v. United States*, 346 F.3d 55, 59–61 (2d Cir. 2003) ("We … hold that a first § 2255 petition that has properly been dismissed as time-barred under AEDPA has been adjudicated on the merits, such that authorization from this court is required before filing a second or successive § 2255 petition."); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) ("We hold today that a prior untimely petition does count [for purposes of 28 U.S.C. § 2244(b)] because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims.").

Smith has not provided the required certification from the Eleventh Circuit, and there is no indication in the record that Smith has obtained such a certification authorizing this court to consider his successive § 2255 motion. Thus, this court lacks jurisdiction to consider Smith's successive § 2255 motion, and the motion is due to be dismissed for lack of jurisdiction. *See, e.g., Farris*, 333 F.3d at 1216; *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the magistrate judge that the § 2255 motion be dismissed for lack of jurisdiction, as Smith has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before June 27, 2018.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, on this the 13th day of June, 2018.

/s/ Susan Russ Walker  
Susan Russ Walker  
United States Magistrate Judge